IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DEBRA J. STEPHENSON, )<br>)<br>Defendant. ) | Case No. 4:04CR3098<br><br>**TENTATIVE**<br>**FINDINGS** |

I am in receipt of the presentence investigation report in this case.  Except for the defendant's objections regarding use of a person under 18 to commit the offense and obstruction of justice (filing 56, part 1) and the motion for departure or variance due to family circumstances (filing 56 part 2), there are no objections or motions for departure or variance.

IT IS ORDERED that:

(1)   The undersigned will consult and follow the Guidelines to the extent permitted and required by United States v. Booker, 125 S. Ct. 738 (2005).  In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines substantial weight; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-Booker departure theory; and (f) in cases where a departure using pre-Booker departure theory is not warranted, deviate or vary from the Guidelines only when there is a plainly superior, principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.

(2)   The objections (filing 56, part 1) regarding use of a minor and obstruction of justice will be resolved at sentencing.  The motion for departure or variance (filing 56,

part 2) as more fully explained in the defendant's brief (filing 57) is denied. Even if I accepted every factual assertion made in support of the motion as being true, I would not grant it. Compare, e.g., United States v. Bailey, 369 F. Supp.2d 1090 (D. Neb. 2005) (most of the time a person should be sentenced without regard to the pain and damage the sentence will inevitably inflict upon his or her children; the exceptions to this rule are few and far between).

(3) Except to the extent (if at all) that I have reserved an issue for later resolution in the preceding paragraph, the parties are herewith notified that my tentative findings are that the presentence report is correct in all respects.

(4) If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

(5) Absent submission of the information required by the preceding paragraph of this order, my tentative findings may become final and the presentence report may be adopted and relied upon by me without more.

(6) Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

    May 11, 2006                    BY THE COURT:

                                        s/ *Richard G. Kopf*
                                        United States District Judge